IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| COVERALL OF NORTH AMERICA, INC. )<br>  Petitioner, )<br>  )<br>v. )<br>  )<br>ISSAM YONIS )<br>  Respondent. ) | CASE NO: 3:06-1048<br>JUDGE HAYNES |

## RESPONSE TO COVERALL NORTH AMERICA INC.'S PETITION TO COMPEL ARBITRATION

Respondent Issam Yonis, through counsel and for his response to Coverall North America Inc.'s Petition to Compel Arbitration, states:

### FIRST RESPONSE

In response to the numbered Paragraphs of Coverall North America Inc.'s Petition, Mr. Yonis states:

1. Respondent Issam Yonis (Mr. Yonis) denies that he "agreed" to submit any dispute to arbitration.

2. Mr. Yonis admits that this action commenced with the filing of a lawsuit in Williamson County, Tennessee on or about November 4, 2004, but reiterates his denial that he "agreed" to arbitrate this, or any, dispute with Coverall.

3. Mr. Yonis admits that Defendant Coverall North America, Inc. (Coverall) "seeks to compel arbitration of the disputes set forth in Respondent's Complaint," but denies that Coverall is entitled to the relief it seeks.

4. Mr. Yonis admits the first sentence in Paragraph 4 of Coverall's Petition. The remaining allegations of this Paragraph are denied.

5. Mr. Yonis admits the allegations in Paragraph 5.

6. Mr. Yonis denies that this action arises under the Federal Arbitration Act (FAA), 9 USC § 1, *et seq.*, for the reason that Coverall has waived its right to arbitration.

7. Mr. Yonis admits that this Court would have subject matter jurisdiction over the parties in this litigation, according to the doctrine of "diversity of citizenship," had removal been timely sought; however, he reiterates his denial that he "agreed" to arbitrate any dispute with Coverall.

8. Mr. Yonis admits that this Court is the proper venue, pursuant to 9 USC § 4, for Coverall to file its Petition to Compel Arbitration, but denies that Coverall is entitled to the relief it seeks in its Petition.

9. Mr. Yonis admits that a purported "Janitorial Franchise Agreement" dated October 2, 2003, bears his signature and that a copy of the document is attached to Coverall's Petition; the remaining allegations in Paragraph 9 are denied.

10. In response to the allegations in Paragraph 10, Mr. Yonis states that Section 21 of the Franchise Agreement speaks for itself and is the best evidence of its terms. Specifically, Section 21 provides that any controversy, dispute, or claim "be submitted promptly for arbitration." Mr. Yonis denies that Coverall has promptly submitted this claim for arbitration, and has therefore waived its right to seek arbitration of the claims in Mr. Yonis's Amended Complaint.

11. Mr. Yonis states that Section 21.C of the Franchise Agreement speaks for itself and is the best evidence of its terms, but denies any inference in the allegations of Paragraph 11 that suggest he is liable in any way to Coverall under the terms of Section 21.C.

12. Mr. Yonis denies the allegations in Paragraph 12.

13. Mr. Yonis states that the document referenced in Paragraph 13 speaks for itself, and is the best evidence of its terms and conditions; Mr. Yonis denies, however, any inference in this allegation that he should be compelled to arbitrate his disputes with Coverall.

14. Mr. Yonis denies the allegations in Paragraph 14, and states specifically that Coverall failed to comply with the provision mandating a "prompt" submission to arbitration.

15. Mr. Yonis denies the allegations in Paragraph 15, specifically for the reasons stated in Paragraph 14 above.

16. Mr. Yonis admits that, on November 4, 2004, a lawsuit was filed on his behalf by former attorney Melissa Blackburn of the Nashville, Tennessee Bar. Mr. Yonis admits that his lawsuit was not vigorously prosecuted by Ms. Blackburn, who, in October of 2004, suffered a personal tragedy that led to her withdrawal from the practice of law. Mr. Yonis's file was transferred to the undersigned's law firm, who filed the Amended Complaint, and who has worked vigorously, first, for a negotiated settlement of this matter, and failing in that endeavor, for the scheduling of depositions and other discovery necessary to properly prosecute Mr. Yonis's lawsuit.

17. Mr. Yonis admits that, by Agreed Order, the lawsuit referenced in Paragraph 17 was transferred to the Chancery Court for Davidson County, Tennessee.

18. Mr. Yonis states that his Amended Complaint speaks for itself and is the best evidence of the allegations, claims, theories of liability, etc. stated therein.

19. In response to the allegations in Paragraph 19, Mr. Yonis admits that local counsel, Mr. John Tarpley, posed this question to Mr. Yonis's counsel in mid-October of 2006, and that Mr. Yonis's counsel refused his request. (See, Ex. 1). Mr. Yonis further states that, in mid-September of 2005, a similar conversation occurred between Mr. Yonis's counsel, the undersigned, and Coverall's prior

local counsel, Ms. Brenda R. Clark. (See, Ex. 2). Counsel for Mr. Yonis refused to agree to submit this matter to arbitration at that time as well, and Ms. Clark, thereafter, did not pursue arbitration. Instead, discovery ensued.

20. Mr. Yonis states that the allegations in his Amended Complaint speak for themselves; he denies, however, that arbitration of this dispute is appropriate.

21. Mr. Yonis denies the allegations in Paragraph 21, and states that Coverall has waived its right to seek arbitration at this stage of the proceedings.

22. Mr. Yonis denies that he has a "contractual obligation" to arbitrate his disputes with Coverall, and states that Coverall's attempt to enjoin him from prosecuting his claims is merely a further attempt to prolong, delay, and increase the costs of his pending State-court litigation.

23. Mr. Yonis denies the allegations in Paragraph 23.

24. Mr. Yonis denies the allegations in Paragraph 24, and states specifically that Coverall is not entitled to any remedy at law under the facts and circumstances giving rise to this Petition, or the underlying lawsuit currently pending in the Davidson County, Tennessee Chancery Court.

25. Mr. Yonis admits that, since the filing of this lawsuit in November of 2004, no previous petition has been submitted to this, or any other, Court for the relief requested in Coverall's October 16, 2006 Petition to Compel Arbitration.

26. Mr. Yonis denies all allegations in Coverall's Petition, unless a precise and explicit admission was made in the Paragraphs above.

## SECOND RESPONSE

The arbitration agreement contained in Coverall's purported "Franchise Agreement" was waived by Coverall's actions, which were completely inconsistent with any reliance thereon. Coverall waived its right to the relief it seeks in its Motion to Compel Arbitration by delaying its assertion of that right, to the extent that Mr. Yonis suffered actual prejudice.

Coverall, by virtue of its refusal to promptly seek to enforce arbitration provisions contained in a purported "Franchise Agreement" drafted by its own agents, has waived its right to the relief it now seeks. As alleged by Coverall and admitted above, this matter was originally filed in November of 2004, more than two years prior to the anticipated hearing on this Petition. As drafter of the arbitration provisions contained in this purported Agreement, Coverall knew it had a right to "promptly" seek arbitration. Coverall refused to promptly pursue that right and has, respectfully, waived it.

Coverall has been represented by two different local attorneys since this matter was filed. Shortly after filing Mr. Yonis's Amended Complaint, the topic of submitting this dispute to arbitration was raised by Coverall's then-counsel, Ms. Brenda R. Clark. Mr. Yonis's counsel refused to agree to submit this matter to arbitration, and Coverall's

then-counsel failed to promptly compel it. The parties then proceeded to engage in discovery and months of settlement negotiations, for which Mr. Yonis incurred costs and was prejudiced as a result.

On April 3, 2006, Coverall substituted counsel. Settlement negotiations continued and attempts to set depositions ensued. The subject of arbitration again arose in mid-October of 2006 – almost two years after the initial suit was filed, and one year after the issue had initially arisen. Counsel for Mr. Yonis again refused to submit this dispute to arbitration, and this Motion to Compel was filed.

As a consequence of Coverall's two-year delay in Petitioning this Court, Mr. Yonis has been prejudiced by incurring litigation expenses and experiencing an overall delay of the prosecution of his case. He is experiencing a further delay in having to assert his rights to a trial by jury in response to Coverall's Petition. As stated above, counsel for Mr. Yonis have engaged Coverall in settlement negotiations since September of 2005 – to no effect. Since June of 2006, counsel for Mr. Yonis have attempted to schedule the deposition of Ms. Dona Andre, a Coverall employee who formerly managed Coverall's Nashville location. After Mr. Yonis's counsel learned that Ms. Andre was no longer employed at the Nashville Coverall location, they were informed that Ms. Andre no longer worked for the company. Thereafter, they learned that she had instead been transferred to a Coverall location in Georgia. Mr. Yonis's counsel employed an investigator, incurring additional costs, to aid in locating her.

Despite the fact that this matter has been pending for two years, Chicago, Illinois attorneys Norman Leon and Alice Kelly, of DLA Piper US, LLP, now seek admission to this Court *pro hac vice*; the clear inference being that a timely resolution of this matter is unlikely, and that further expenses will be incurred.

Coverall has acted completely inconsistent with any reliance upon the arbitration provisions it now seeks to enforce (it slept on its rights for more than twenty-four months), while Mr. Yonis incurred costs and was prejudiced as a result. Respectfully, Coverall has waived its right to the relief it seeks in its Petition to Compel Arbitration.

### THIRD RESPONSE

Should the Court determine that Coverall did not waive its right to the relief it seeks in its Petition to Compel Arbitration, Mr. Yonis reiterates the allegations in his Amended Complaint (copy attached to Coverall's Motion to Compel Arbitration) that he was fraudulently induced into signing the purported "Franchise Agreement" containing the above-referenced arbitration provisions.

A substantial issue of material fact exists to question the validity of the agreement to arbitrate, to wit: Mr. Yonis is a Kurdish national who cannot read or write the English language. After making this fact known to Coverall's representative, Gary Walling, Mr. Walling falsely represented to Mr. Yonis that the agreement he was to execute was an "employment application," instead of a "Franchise Agreement" containing an arbitration provision. Mr. Walling never explained the terms of the

"Franchise Agreement" or any provisions thereof to Mr. Yonis. Indeed, Mr. Yonis had never heard the word "arbitration" until it was spoken by his attorneys, and to date does not fully understand its exact meaning. At bare minimum, Mr. Yonis did not "knowingly and voluntarily" agree to waive his rights to a trial by jury. Under State-law principals governing the formation of contracts, a reasonable fact-finder would likely conclude that Mr. Yonis did not knowingly and voluntarily enter into this purported "Franchise Agreement" with Coverall, and that he was not aware that he surrendered his right to a trial by jury, thereby rendering the purported Agreement voidable.

## FOURTH RESPONSE

The anticipated up-front costs of arbitration would preclude Mr. Yonis from pursuing his claims against Defendant Coverall North America, Inc.

**WHEREFORE, PREMISES CONSIDERED,** Mr. Yonis demands that Coverall's Petition and the relief requested therein be dismissed, with costs taxed to Coverall, and that he be awarded his reasonable attorneys' fees, expenses, and costs incurred in responding to and arguing this Petition.

Respectfully submitted:

**BLACKBURN & MCCUNE, PLLC**

_____/S/ PATRICK DOLLAR_____
Jay R. Slobey (#5398)
Patrick Dollar (#23602)
SunTrust Bank Building
Suite 1700
201 Fourth Avenue, North
Nashville, Tennessee 37219

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2006 the foregoing Response to Coverall North America Inc.'s Petition to Compel Arbitration was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, as well as by hand delivery. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

> John R. Tarpley
> Lewis, King, Krieg & Waldrop, PC
> SunTrust Bank Building
> Suite 1500
> PO Box 198615
> Nashville, Tennessee 37219

_____/S/ PATRICK DOLLAR_____
Patrick Dollar